William M. Fischbach (SBN 019769)
TB TIFFANY & BOSCO P.A.
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
Email: wmf@tblaw.com;
*Attorneys for Plaintiff*

Paul M. Dubbeling (SBN 47014)
P.M. DUBBELING, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
Telephone: (919)-635-6005
Facsimile: (919)-404-7074
Email: paul.dubbeling@pmdubbeling.com
*Attorneys for Plaintiff Pro Hac Vice Pending*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason D. Simpson,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, Arizona, a Municipal Corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983** |

**NOTICE OF CHALLENGE TO CONSTITUTIONALITY OF STATE STATUTE**

COMES NOW Jason D. Simpson, Plaintiff in the above-captioned case, and does hereby bring challenge to Arizona Revised Statute (A.R.S.) § 13-3825(D), which gives to local law enforcement unbridled discretion to determine an individual's "notification level" for purposes of applying Arizona statutes applicable to sexual offenders. In particular, the individual's "notification" level is used to determine whether the individual is subject to A.R.S. § 13-902(G), which mandates that certain "level three" offenders be subject to continuous satellite-based monitoring.

As alleged with particularity below, by granting unconstrained discretion to law enforcement, this statute deprives Mr. Simpson of procedural due process rights

guaranteed by the Fourteenth Amendment of the United States Constitution. This is both a “facial” and an “as applied” challenge to the statute.

In support of this claim, Mr. Simpson does hereby allege and state:

**Jurisdiction and Venue**

1. This claim is brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks redress for the deprivation of rights secured by the United States Constitution.

3. The declaratory and injunctive relief sought by Plaintiff is authorized by 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court.

4. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)(1).

**Parties**

**A. Plaintiff**

5. Plaintiff Jason D. Simpson is a resident of Phoenix, Arizona. Both before and after the events described herein, Mr. Simpson has run a successful automobile sales business.

6. In 2017, pursuant to his plea, Mr. Simpson was convicted in Arizona state court of violating A.R.S. §§ 13-1404 (sexual abuse), 13-1403A (public sexual indecency), and 13-1405 (attempted) (sexual conduct with a minor).

7. Sections 13-1404 and 13-1405 are statutorily defined “dangerous crime[s] against children.” A.R.S. § 13-70(R).

8. However, commission of a “dangerous crime against [a] child,” as defined by Arizona law, does not in itself indicate a substantially increased risk of recidivism.

9. Pursuant to this conviction, Mr. Simpson served a term of incarceration which he has fully completed.

10. Pursuant to this conviction, Mr. Simpson is currently on probation pursuant to A.R.S. § 13-902 and is subject to that probation for life.

11. Pursuant to this conviction, Mr. Simpson is required to register as a sex offender in Arizona. A.R.S. § 13-3821.

12. At the time of sentencing, the trial court did not impose satellite-based monitoring on Mr. Simpson as a condition of his probation.

13. At the time of sentencing, the trial court did not otherwise require Mr. Simpson to submit to suspicionless searches as a condition of probation.

14. However, Mr. Simpson is currently subject to satellite-based monitoring under the provisions of A.R.S. § 13-902(G) after the City of Phoenix Police Department categorized Mr. Simpson as a "level three" offender pursuant to A.R.S. § 13-3825(D).

15. The City of Phoenix Police Department made this determination after Mr. Simpson completed his incarceratory sentence.

16. Since his release February 26, 2021, Mr. Simpson has been subjected to satellite-based monitoring solely because of the City of Phoenix Police Department's determination that he is a "level three" offender.

**B. Defendant**

17. Defendant City of Phoenix, Arizona is a municipal corporation organized pursuant to the Arizona State Constitution, Article 13, § 1, and under A.R.S. §§ 9-101 *et seq.*

18. The municipal corporation operates the City of Phoenix Police Department.

19. The City of Phoenix Police Department, operating as a subdivision of the City of Phoenix, Arizona, and under the authority of the City of Phoenix, Arizona, is responsible, pursuant to A.R.S. § 13-3825(D), for placing individuals convicted of qualifying crimes within a "notification level" for purposes of applying Arizona's sex offender statutes.

20. It is the pattern and practice (custom) of the City of Phoenix Police Department to assign notifications levels to individuals by completing an "Assessment Screening Profile."

21. As described in detail below, this process does not meet minimal standards of due process.

22. The City of Phoenix, Arizona has not disclaimed the intent to continue to use this method of assigning notification levels and used this method in assigning a notification level to Plaintiff.

**Statement of Facts**

23. Arizona Revised Statute § 13-902(G) states:

> If a person is convicted on or after November 1, 2006 of a dangerous crime against children as defined in section 13-705, a term of probation is imposed, the person is required to register pursuant to section 13-3821 and the person is classified as a level three offender pursuant to section 13-3825, the court shall require global position system or electronic monitoring for the duration of the term of probation.

24. Arizona Revised Statute § 13-3825(D) states in relevant part:

> After receiving the information pursuant to subsection B of this section [identifying information and prior risk assessment], the sheriff shall forward the information to the chief law enforcement officer of the community in which the person resides. After reviewing the information received and any other information available to the local law enforcement agency, the local law enforcement agency shall categorize each offender and place each offender into a notification level.

25. Thus, under the statutory scheme, local law enforcement agencies "categorize" each person required to register as a sex offender and living within the agency's jurisdiction.

26. If the local law enforcement agency categorizes the individual as a "level three" offender and that individual otherwise meets the criteria of A.R.S. § 13-902(G), that individual will be subject to mandatory satellite-based monitoring for their entire term of probation.

27. There is no statutory instruction on how to categorize individuals subject to the statute.

28. There is no statutory definition of a "level three" offender.

29. The statute does not state by what method, on what basis, or according to what criteria the categorization is to be made.

30. The statute does not state what information is to be used or may be used in making the categorization.

31. The statute does not specify what standard of reliability information must meet in order to be used in the assessment.

32. There is no statutory provision to challenge the results of this classification or to otherwise seek judicial review of this classification.

33. The imposition of the satellite-based monitoring is mandatory under A.R.S. § 13-3825(D) and is not subject to judicial review.

34. The statute allows local law enforcement, not the court, to determine a condition of probation.

35. Based upon this classification, individuals may be (and Mr. Simpson is), subject to continuous satellite-based monitoring under A.R.S. § 13-3825(D) and substantial restrictions on where they can live under A.R.S. § 13-3727.

36. Satellite-based monitoring is a "search" within the meaning of the Fourth Amendment to the United States Constitution. *Grady v. North Carolina*, 575 U.S. 306, 309 (2015) (per curiam).

37. This satellite-based monitoring used pursuant to the statute is active – continuously transmitting the individual's location data to law enforcement personnel and thus revealing "a wealth of detail about [their] familial, political, professional, religious, and sexual associations." *United States v. Jones*, 565 U.S. 400, 415 (2012) (Sotomayor, J. concurring).

38. Satellite-based monitoring is a serious impairment of the individual's privacy interests.

39. In addition, satellite-based monitoring independently impairs the individual's liberty – requiring that the monitoring device be kept charged and preventing the individual from engaging in any activity that would cause the monitoring device to get wet.

40. Satellite-based monitoring also causes physical injury and discomfort.

41. There is no compelling government interest in imposing satellite-based monitoring untethered from the government's general interest in law enforcement.

42. It is the pattern and practice of the City of Phoenix Police Department to conduct risk assessments pursuant to A.R.S. § 13-3825 – categorizing individuals as "level one," "level two," or "level three" offenders.

43. The risk assessment used by the City of Phoenix Police Department is not scientifically validated as a measure of recidivism risk.

44. This risk assessment instrument used by the City of Phoenix Police Department is administered by police officers without sufficient training.

45. The risk assessment instrument used by the City of Phoenix Police Department requires subjective interpretation of vague criteria in scoring.

46. The risk assessment instrument used by the City of Phoenix Police Department contains questions that, on their face, are not rationally related to an offender's current risk of reoffending.

47. The risk assessment instrument used by the City of Phoenix Police Department produces a higher score if the offender has previous "sex/sex related offenses" and allows for "any prior offense" to be categorized as a "sex/sex related offense" if it "appears to have been sexually motivated."

48. Determination whether the previous offense "appears to have been sexually motivated" is made by the administering officer and does not require that the offense have been found by a court to be sexually motivated pursuant to A.R.S. § 13-118.

49. The risk assessment instrument used by the City of Phoenix Police Department specifically states that the local law enforcement agency may "override the notification level otherwise indicated" based upon any mitigating or aggravating factor as determined by the local law enforcement agency.

50. Because of these factors, and because assessment under A.R.S. § 13-3825(d) occurs at a local level, an individual's "notification level" may vary depending on their community of residence or change if they move to a different jurisdiction.

51. With respect to Mr. Simpson individually, the police officer who administered the assessment improperly utilized standardless discretion in determining that Mr. Simpson was a "level three" offender.

52. A reasonable person, administering the risk assessment, could have concluded that Mr. Simpson was not a "level three" offender.

## Causes of Action

### I. Arizona Revised Statute 13-2835(D) Violates the Fourteenth Amendment Right to Due Process on Its Face.

53. Plaintiff incorporates herein, as though fully set out, the preceding paragraphs of this Complaint.

54. To comport with due process, the legislature must establish constitutionally sufficient guidelines to govern law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

55. A statute that authorizes or encourages arbitrary and discriminatory enforcement violates the Due Process Clause of the United States Constitution. *City of Chicago v. Morales*, 577 U.S. 41, 56 (1999).

56. A.R.S. § 13-3825(D) does not contain constitutionally sufficient guidelines to govern law enforcement.

57. A.R.S. § 13-3825(D) authorizes and encourages arbitrary and discriminatory enforcement.

58. Classification as a "level three" offender under A.R.S. § 13-3825 causes a substantial deprivation of the constitutionally protected interest to be free from warrantless and otherwise unreasonable searches and from otherwise unwarranted invasions of privacy.

59. Classification as a "level three" offender under A.R.S. § 13-3825 causes a substantial deprivation of additional protected liberty interests by placing restrictions on such individual's activities not otherwise authorized by law or the terms of an individual's probation.

60. A.R.S. § 13-3825(D) violates the Due Process Clause of the United States Constitution on its face.

**II. Arizona Revised Statute § 13-3825(D) Violates the Fourteenth Amendment Right to Due Process As Applied.**

61. Plaintiff incorporates herein, as though fully set out, the preceding paragraphs of this Complaint.

62. The methodology used by the City of Phoenix Police Department to categorize individuals pursuant to A.R.S. § 13-3825(D) is based upon vague criteria resulting in non-objective classification of individuals.

63. The methodology used by the City of Phoenix Police Department to categorize individuals pursuant to A.R.S. § 13-3825(D) allows individual law enforcement officers to ignore what criteria there are in determining what notification level to assign an individual.

64. The methodology used by the City of Phoenix Police Department to categorize individuals pursuant to A.R.S. § 13-3825(D) has no standards as to what information may be used nor does it state what standard of reliability any information used must meet to be included.

65. The methodology used by the City of Phoenix Police Department to categorize individuals pursuant to A.R.S. § 13-3825(D) does not contain constitutionally sufficient guidelines to govern law enforcement.

66. The methodology used by the City of Phoenix Police Department to categorize individuals pursuant to A.R.S. § 13-3825(D) authorizes and encourages arbitrary and discriminatory enforcement.

67. Classification as a "level three" offender under A.R.S. § 13-3825(D) causes a substantial deprivation of the constitutionally protected interest to be free from warrantless and otherwise unreasonable searches and from otherwise unwarranted invasions of privacy.

68. Classification as a "level three" offender under A.R.S. § 13-3825(D) causes a substantial deprivation of additional protected liberty interests by placing restrictions on such individual's activities not otherwise authorized by law or the terms of an individual's probation.

69. As applied by the City of Phoenix Police Department, A.R.S. §§ 13-3825(D) violates the Due Process Clause of the United States Constitution.

**III. Arizona Revised Statute § 13-3825(D) Violates the Fourteenth Amendment Right to Due Process As Applied Specifically to Mr. Simpson**

70. Plaintiff incorporates herein, as though fully set out, the preceding paragraphs of this Complaint.

71. The police officer who administered the risk assessment improperly utilized standardless discretion in determining that Mr. Simpson was a "level three" offender.

72. A reasonable person, administering the risk assessment, could have concluded that Mr. Simpson was not a "level three" offender.

73. Classification as a "level three" offender under A.R.S. § 13-3825(D) has caused Mr. Simpson a substantial deprivation of the constitutionally protected interest to be free from warrantless and otherwise unreasonable searches and from otherwise unwarranted invasions of privacy.

74. Classification as a "level three" offender under A.R.S. § 13-3825(D) has caused Mr. Simpson a substantial deprivation of additional protected liberty interests by placing restrictions on such individual's activities not otherwise authorized by law or the terms of an individual's probation.

75. This improper exercise of discretion deprived Mr. Simpson of his procedural due process rights under the United States Constitution.

WHEREFORE, Plaintiff prays the Court:

1) For a declaratory judgment that A.R.S. § 13-3825(D) is impermissibly vague on its face in violation of the Due Process Clause of the United States Constitution;

2) For a declaratory judgment that A.R.S. § 13-3825(D) is impermissibly vague as applied by the City of Phoenix Police Department in violation of the Due Process Clause of the United States Constitution;

3) For an injunction barring the imposition of satellite-based monitoring based upon a determination under A.R.S. § 13-2825(D) that the individual is a "level three" offender;

4) For an injunction barring the imposition of satellite-based monitoring based upon a determination by the City of Phoenix under its existing practice that the individual is a "level three" offender;

5) For a declaratory judgment that the officer conducting the categorization of Mr. Simpson pursuant to A.R.S. § 13-2825(D) violated his due process rights by improperly utilizing standardless discretion in determining that he was a "level three" offender;

6) For an injunction barring the imposition of satellite-based monitoring on Mr. Simpson based upon this improper assessment;

7) For attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute; and

8) For any and all such other relief to which Plaintiff may be entitled.

**DATED** this 18th day of February, 2022.

TB TIFFANY & BOSCO P.A.

By: */s/ William M. Fischbach*
William M. Fischbach
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
***Attorneys for Plaintiff***

P.M. DUBBELING, PLLC

By: */s/ Paul M. Dubbeling*
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
***Attorneys for Plaintiffs Pro Hac Vice Pending***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing.

*/s/William M. Fischbach*