William M. Fischbach, SBN# 019769

**TB** **TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE:  (602) 255-6000
FACSIMILE:   (602) 255-0103
EMAIL: wmf@tblaw.com
*Attorney for Plaintiff Jason Donald Simpson*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JASON DAVID SIMPSON,<br><br>              Plaintiff,<br><br>       vs.<br><br>CITY OF PHOENIX, ARIZONA, A<br>MUNICIPAL CORPORATION.<br><br>              Defendant. | Case No. 22-00262-JZB<br><br>**NOTICE OF CLAIM OF<br>UNCONSTITUTIONALITY UNDER<br>A.R.S. § 12-1841** |

1.  **The name, address and telephone number of the attorney for the party alleging that a state law is unconstitutional.**

William Fischbach
Shareholder
Camelback Esplanade II, Seventh Floor
Phoenix, Arizona 85016
602.255.6036

2.  **The case name, court name, caption and case number of the proceeding.**

*Jason D. Simpson v. City of Phoenix, Arizona*
United States District Court for the District of Arizona
Case No. 22-00262-JZB

The conformed complaint will be attached to this notice when served on the attorney general, the speaker of the house of representative, and the president of the senate.

1

**3.  A brief statement of the basis for the claim of unconstitutionality.**

Jason Simpson is a 51-year-old man. A successful businessman and contributor to his community, Simpson owns and operates a used car dealership in the Phoenix area. Simpson's son J.D. Simpson assists him in running that business.

In 2017, Simpson pleaded guilty to two counts of attempted sexual conduct with a minor and one count of sexual abuse with a minor. After serving his term of imprisonment, and pursuant to his conviction, Simpson was placed probation for life under to A.R.S. § 13-902 and was required to register as a sex offender in Arizona under A.R.S. § 13-3821. When sentenced, the trial court did not impose satellite-based monitoring on Simpson as a condition of probation, nor did it otherwise require him to submit to suspicion-free searches. After completing his incarceration, however, the City of Phoenix Police Department subjected Simpson to satellite-based monitoring under A.R.S. § 13-902(G), after designating him as a "level three" offender pursuant to A.R.S. § 13-3825(D).

Arizona Revised Statute § 13-902(G) states:
> If a person is convicted on or after November 1, 2006 of a dangerous crime against children as defined in section 13-705, a term of probation is imposed, the person is required to register pursuant to section 13-3821 and the person is classified as a level three offender pursuant to section 13-3825, the court shall require global position system or electronic monitoring for the duration of the term of probation.

Arizona Revised Statute § 13-3825(D) states:
> After receiving the information pursuant to subsection B of this section [identifying information and prior risk assessment], the sheriff shall forward the information to the chief law enforcement officer of the community in which the person resides. After reviewing the information received and any other information available to the local law enforcement agency, the local law enforcement agency shall categorize each offender and place each offender into a notification level.

Under this statutory scheme, local law enforcement agencies "categorize" each person required to register as a sex offender who lives within the agency's jurisdiction.

If the agency categorizes the individual as a "level three" offender and he satisfies the other criteria in A.R.S. § 13-902(G), that individual will be subject to mandatory satellite-based monitoring for the entire length of probation.

Despite this massive deprivation of constitutionally protected liberty, *Grady v. North Carolina*, 575 U.S. 306, 309 (2015) (per curiam) (holding that satellite-based monitoring is a "search" under the Fourth Amendment), there is no statutory instruction on how to categorize individuals subject to A.R.S. § 13-3825; there is no statutory definition for what constitutes a "level three" offender; there is no statutory criteria, method, or defined basis for designating an individual as a "level three" offender; there is no statutory guidance on what information is pertinent to the categorization; there is no standard of reliability in the statute that information must meet for such a categorization to be made; and there is no statutory provision to challenge a categorization or to otherwise seek judicial review. What's more, the imposition of the satellite-based monitoring is mandatory under A.R.S. § 3825(D), and because it is not subject to judicial review, that means local law enforcement—not the court—determines a condition of probation.

On its face or as applied, A.R.S. § 3825(D) violates the Due Process Clause of the Fourteenth Amendment. To comport with due process, the legislature must establish constitutionally sufficient statutory guidelines to govern law enforcement, *Kolender v. Lawson*, 461 U.S. 352, 358 (1983), so that a statute does not authorize or encourage arbitrary and discriminatory enforcement, *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999).

As discussed above, A.R.S. § 13-3825(D) lacks any guidelines for determining its level-based categorizations. That means offenders are subjected to whatever tests or assessments happen to be chosen by the lawful enforcement agency of the jurisdiction where the offender happens to live in. Because local law enforcement agencies are free to conduct risk assessments as they see fit, there's no assurance of consistency across jurisdictions or that chosen assessments are scientifically validated as a measure of

3

recidivism risk or that officers performing assessment have any sort of training for making such assessments. In this statutory vacuum, nothing prevents law enforcement from assessing individuals under subjective or arbitrary methods based on vague or suspect criteria. Indeed, nothing prevented the City of Phoenix Police Department from employing such a methodology against Simpson.

The City of Phoenix Police Department categorizes individuals under A.R.S. § 13-3825(D) with a methodology that (1) is based on vague criteria prone to subjective classification; (2) permits officers to ignore the applicable criteria; (3) lacks any standard as to what information may be used or the information's reliability. The City of Phoenix Police Department employed this vague, subjective, and standard-less methodology against Simpson; he was subsequently categorized as a "level three" offender under A.R.S. § 13-3825(D); and now, due to the lack of any statutory guidelines, he was improperly subjected to a substantial deprivation of constitutionally protected liberty.

In short, the scheme under A.R.S. § 13-3825(D) lacks any guidelines and encourages arbitrary enforcement, which is what happened to Simpson, making it unconstitutional on its face and as applied under the Due Process Clause of the Fourteenth Amendment.

**4. A brief description of the proceeding, with copies of any court orders in the proceeding if the claim of unconstitutionality is asserted in a pleading, motion or document other than the pleading, motion or document that initiated the proceedings.**

N/A

**5. The date, time, location, judge and subject of the next hearing in the proceeding, if any.**

N/A

RESPECTFULLY SUBMITTED this 7th day of March 2022.

**TB TIFFANY & BOSCO**
P.A.

By: */s/William M. Fischbach*

William M. Fischbach
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
***Attorney for Jason Donald Simpson***